IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20180
Conference Calendar
_____


GREGORY B. SMITH,

                                        Plaintiff-Appellant,

versus

JOSEPH L. EASTON,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-39
- - - - - - - - - -
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:*

     Gregory B. Smith, Texas prisoner #798960, seeks leave to
proceed in forma pauperis (IFP) in the appeal from the dismissal
of his civil rights complaint as frivolous.  By moving for IFP,
Smith is challenging the district court's certification that IFP
status should not be granted on appeal because his appeal is not
taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th
Cir. 1997).

     An action will lie under 42 U.S.C. § 1983 only if the
claimant establishes that he suffered a stigma due to a state

_____

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

actor's communication of wrongdoing by the claimant and that the stigma caused an infringement of some other interest. <u>San Jacinto Sav. & Loan v. Kacal</u>, 928 F.2d 697, 701-02 (5th Cir. 1991). Thus, "a damaged reputation, apart from injury to a more tangible interest . . . does not implicate any `liberty' or `property' rights sufficient to invoke due process." <u>Geter v. Fortenberry</u>, 849 F.2d 1550, 1556 (5th Cir. 1988). While Smith contends that the defendant prison employee knowingly placed false, defamatory information in his prison records, he does not connect the alleged defamation to another more tangible injury.

Because Smith fails to show that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is DENIED. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2. The district court's dismissal of the present case and this court's dismissal of Smith's appeal count as two strikes against him for purposes of 28 U.S.C. § 1915(g). We caution Smith that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; WARNING ISSUED.